UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY R. LEWIS,

                        Plaintiff,

                                                        <u>DECISION AND ORDER</u>

                                                        04-CV-6377L

          v.

REGIONAL TRANSIT SERVICE,

                        Defendant.
_____

## INTRODUCTION

Plaintiff, Jeffrey Lewis ("plaintiff"), filed this action *pro se* against defendant Regional Transit Service, Inc. ("defendant"), alleging discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 *et seq.* ("ADA"). Plaintiff alleges in his complaint that he was denied access to defendant's bus service on two separate occasions in December 2002 due to inoperable lifts and ramps (Docket No. 1).

Defendant has moved for dismissal pursuant to Fed. R. Civ. P. 12 (b)(6) arguing that isolated incidents as alleged do not constitute a violation of the ADA and that plaintiff failed to allege discriminatory intent (Docket No. 4). Defendant's motion is granted, and plaintiff's complaint will be dismissed unless plaintiff files an amended complaint within the stated period.

**DISCUSSION**

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6), a court must draw all reasonable inferences in plaintiff's favor. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). The factual allegations in the complaint must be assumed true at this stage, regardless of whether plaintiff is able to support such contentions at a later date. A court should therefore dismiss a complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This is especially so and applies "with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

A.   Isolated Incidents

Defendant argues that dismissal is appropriate because plaintiff relies on only isolated incidents to support his claim of an ADA violation. As a public entity providing transportation services, defendant is required by federal regulations to make its vehicles readily accessible to individuals with disabilities. 49 C.F.R. § 37.161 (2004). Such requirements expressly include providing lifts that plaintiff claims were in disrepair in December 2002. *Id.* Defendant is correct, however, in asserting that these regulations fail to "prohibit isolated or temporary interruptions in service or access due to maintenance or repairs." *Id.* Defendant argues that the two instances of interrupted access alleged in the complaint fall under such an exception, and are insufficient to support an ADA claim.

In response to defendant's argument, plaintiff alleges that there were numerous other incidents of inoperable lifts and ramps in 2003 and 2004 (Docket No. 10). Thus, plaintiff argues that there was a pattern of inaccessibility, rather than merely two incidents occurring in December 2002. Defendant contends that the Court should not consider many of the incidents due to an August 2004 settlement agreement, executed after this federal complaint had been filed, which resolved an administrative charge plaintiff had filed with the New York State Division of Human Rights (Docket No. 11). At this early stage of the case, plaintiff should not be precluded from pleading his case in an amended complaint. It appears that plaintiff contends that there is a consistent pattern of acts denying him access to defendant's vehicles.[1]

The preclusive effect, if any, of the settlement agreement will ultimately need to be resolved by this Court. However, it would be more appropriately addressed in the context of a motion for summary judgment, based on a fully developed record. For now, it is sufficient to state that, if proven, plaintiff's allegations of further incidents could illustrate an ongoing pattern and practice of discrimination that extends beyond the isolated incidents set forth in plaintiff's present complaint allowable under the applicable regulations.

B.   Discriminatory Intent

Defendant alternatively argues that plaintiff's complaint should be dismissed for failure to allege discriminatory intent. To state a claim for monetary damages against a public entity under Title II of the ADA, a plaintiff must allege "discriminatory animus or ill will due to disability."

---

[1] Plaintiff also alleges further incidents where lifts were inoperable that occurred or are occurring up to the present day, in continued correspondence to the Court. Plaintiff should not correspond to the Court on these matters.

*Garcia v. S.U.N.Y. Health Scis. Ctr.*, 280 F.3d 98, 112 (2d Cir. 2001). Repeated allegations of knowing violations do not constitute allegations of discriminatory animus or ill will. *Denmeade v. King*, No. 00-0407E(F), 2002 U.S. Dist. LEXIS 17324, at *5 (W.D.N.Y. Aug. 1, 2002). A plaintiff must go beyond mere allegations that he was denied requested accommodations. *Id.* at *7. In this matter, plaintiff has failed to do so. He merely alleges two incidents of inaccessibility without setting forth any claim of discriminatory intent. Plaintiff's complaint therefore is defective, and defendant's motion is granted.

The Court recognizes, however, that plaintiff is proceeding *pro se*, and that he should be provided an opportunity to amend his complaint to allege discriminatory intent. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) ("the court should not dismiss without granting leave to amend at least once when a liberal reading of [a *pro se*] complaint gives any indication that a valid claim might be stated").

## CONCLUSION

Defendant's motion (Docket No. 4) is granted. Plaintiff's complaint is dismissed unless he files an amended complaint on or before July 22, 2005 in which he includes (1) all of the alleged incidents that occurred between 2002 and today that form the basis of his ADA claim; and (2) allegations that defendant acted with the requisite discriminatory intent or ill will. Plaintiff's amended complaint must comply with Fed. R. Civ. P. 8 and 10.

"Plaintiff is advised that an amended complaint is intended to *completely replace* the prior complaint in the action, and thus it 'renders [any prior complaint] of no legal effect.'"

*Mendez v. Monroe County Hosp.*, No. 04-1030F, 2005 WL 1243317, at *3 (W.D.N.Y. May 24, 2005) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 30, 2005.