UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY R. LEWIS,

                        Plaintiff,

                                                               <u>DECISION AND ORDER</u>

                                                                  04-CV-6377L

                        v.

REGIONAL TRANSIT SERVICE,

                        Defendant.
_____

**INTRODUCTION**

      Plaintiff, Jeffrey Lewis ("plaintiff"), filed this action *pro se* against defendant Regional Transit Service, Inc. ("defendant"), alleging discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 *et seq.* ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). On August 9, 2004, defendant moved to dismiss plaintiff's first complaint for failure to state a claim upon which relief could be granted based on certain defects in the complaint. By Decision and Order dated June 30, 2005 (Dkt. #12), the Court granted defendant's motion, but allowed plaintiff to cure the defects by filing an amended complaint on or before July 22, 2005.

      On July 8, 2005, plaintiff timely filed an amended complaint. (Dkt. #13). In it, plaintiff alleges that from August 2003 through June 2005, defendant deliberately discriminated against him by denying him access to lifts or ramps on city buses. Plaintiff seeks monetary damages, and other equitable relief. (Dkt. #13).

Defendant now moves to dismiss the amended complaint, again pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. #14). Defendant argues that the amended complaint fails to state a claim because plaintiff did not allege that he suffered from a "disability" within the meaning of the ADA and Section 504, nor did he allege that defendant receives federal financial assistance, a necessary element of a Section 504 claim. (Dkt. #14).

In response to defendant's motion, plaintiff filed a proposed second amended complaint together with numerous documents and exhibits. Plaintiff alleges that he is a "physically and mentally disabled person who requires the use of lifts and ramps" to board and exit defendant's buses.[1] (Dkt. #17). Plaintiff also claims that since 2002, defendant repeatedly denied him access to the ramps and lifts, and he alleges "discriminatory animus or ill will" toward him due to his disability. Plaintiff seeks "whatever compensation the court deems appropriate."

Read liberally, and in the light most favorable to the plaintiff, who is *pro se*, I deem plaintiff's response as a request to again amend his complaint. I grant that request.

When evaluating a motion to dismiss pursuant to FED. R. CIV. P. 12 (b)(6), a court must draw all reasonable inferences in plaintiff's favor. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir.1995). The factual allegations in the complaint must be assumed true at this stage. A court should therefore dismiss a complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

These principles apply "with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *see also Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir.2001). When considering the sufficiency of a *pro se* complaint, "courts must construe [the complaint] broadly, and interpret [it]

---

[1] In a separate statement that accompanied the proposed second amended complaint, plaintiff also alleges that he suffers from a number of medical conditions, including arthritis in both knees, low back pain, brain damage, and vertigo, and that these conditions prevent him from boarding or exiting the busses without the use of the lifts.

to raise the strongest arguments that [it] suggest[s]." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir.2000) (internal quotation marks omitted); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999).

Applying these principles, I find that the second amended complaint sufficiently states a claim for disability discrimination under the ADA and Section 504. Although inartfully drafted, it meets the requirements of notice pleading pursuant to FED. R. CIV. P. 8. The Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), reiterated that no heightened pleading standard applies to civil cases alleging discrimination, and that plaintiff need not allege all the necessary elements of a *prima facie* case to survive a motion to dismiss. Instead, a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512-13 (citing *Conley*, 355 U.S. at 47).

Plaintiff's second amended complaint meets that test. Importantly, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Whether plaintiff ultimately can prove that he is disabled within the meaning of either statute, or that defendant receives federal financial assistance, are issues that are best left for summary judgment. *See id.* at 512 ("This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.").

The Court makes no finding at this juncture regarding the existence or nature of plaintiff's medical conditions, nor whether they meet the definition of disability within the meaning of the statutes. Although the Court has serious concerns whether many of the conditions from which plaintiff allegedly suffers could constitute a "disability" under the statutes in question, that is question for another day.[2]

---

[2] Both the ADA and Section 504 define a "disabled individual" as one who "(i) has a
(continued...)

## CONCLUSION

Defendant's motion (Dkt. #15) is denied. Plaintiff's request to amend the complaint is granted.

The Clerk of the Court is directed to file plaintiff's second amended complaint. Defendant is directed to answer the complaint within twenty (20) days of its filing.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 5, 2006.

---

[2](...continued)
physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B); 42 U.S.C. § 12102(2). In determining whether an individual has a disability under these statutes, the Second Circuit applies the three-step approach taken by the Supreme Court in *Bragdon v. Abbott*, 524 U.S. 624 (1998). First, plaintiff must show that he suffers from a physical or mental impairment. Second, plaintiff must identify the activity claimed to be impaired and establish that it constitutes a "major life activity." Third, plaintiff must show that his impairment "substantially limits" the major life activity previously identified. *See Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 641 (2d Cir.1998); *see also Toyota Motor Mfg. v. Williams*, 534 U.S. 184 (2002).